William GUMP, Plaintiff—Appellant,

v.

COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.

No. 05–35226.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 9, 2007.*

Filed Feb. 13, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Tim D. Wilborn, Esq., West Linn, OR, for Plaintiff–Appellant.

Craig J. Casey, Esq., Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., David M. Blume, Esq., Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: THOMPSON and BYBEE, Circuit Judges, and MILLS**, District Judge.

MEMORANDUM ***

Appellant William Gump ("Appellant") appeals the district court's decision affirm-

ing the Commissioner of Social Security's denial of his benefits claims. The facts and procedural history are familiar to the parties, and we do not repeat them here. We review the district court's decision de novo, *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999), but we "must affirm if substantial evidence supports the Commissioner's decision and if the Commissioner applied the correct legal standard," *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir.2001). Appellant contends that the Commissioner's decision was not so supported for five reasons.

■ First, Appellant asserts that the ALJ improperly rejected his subjective testimony and failed to consider whether his pain was psychologically based. We reject the first half of Appellant's argument because the ALJ properly rejected Appellant's "testimony about severity of [his] symptoms with specific findings stating clear and convincing reasons for doing so." *Batson v. Comm'r*, 359 F.3d 1190, 1196 (9th Cir.2004) (internal quotation marks omitted). We reject the latter half of Appellant's argument—that the ALJ failed to consider whether his symptoms were psychologically based—because it conflicts with the record.

■ Second, Appellant maintains that the ALJ improperly rejected his wife's testimony. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.2001). In rejecting the portion of Appellant's wife's testimony that contained medical conclu-

---

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sions "on how [his] mental and/or physical impairments impact his overall abilities to perform basic work activities at various exertional levels," the ALJ gave germane reasons when he noted that Appellant's wife was not competent to render medical opinions. *See Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir.1996) ("[M]edical diagnoses are beyond the competence of lay witnesses and therefore do not constitute competent evidence.").

■ Third, citing Social Security Ruling 96–8p, Appellant argues that the ALJ's decision was not supported by substantial evidence because he "engaged in no analysis of [Appellant's] activities of daily living to determine whether [Appellant]" could sustain work. Contrary to Appellant's claims, however, the ALJ did engage in such an analysis; for instance, the ALJ asked the vocational expert—in determining whether Appellant could work—to assume a hypothetical claimant with Appellant's demonstrable limitations.

■ Fourth, Appellant argues that the ALJ's finding that he could perform jobs in the national economy is deficient because it was based on vocational testimony inconsistent with the *Dictionary of Occupational Titles.* "[A]n ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala,* 60 F.3d 1428, 1435 (9th Cir.1995). Here, the vocational expert's testimony—based on her experience and knowledge—explaining how the local economy differed from the DOT provided such evidence.

■ And Fifth, Appellant challenges the Commissioner's decision denying his claims on the grounds that "[t]he ALJ improperly rejected the diagnoses and assessments of [his] physician, Dr. [Soot]." Appellant's claim rests entirely on Soot's

remark—made five months after the ALJ's decision—that he "d[id] not see [Appellant] as potentially being probably employable." Even if the ALJ had considered the statement, he would have rejected it because—to the extent it could even be labeled an opinion—it "is brief, conclusory, [ ] inadequately supported by clinical findings," based entirely on Appellant's subjective complaints, and conflicts with Appellant's own testimony. *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002); *see also Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir.2001); *Andrews v. Shalala,* 53 F.3d 1035, 1043 (9th Cir.1995).

Accordingly, we hold that the ALJ's decision was supported by substantial evidence and **AFFIRM** the district court's judgement.